IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:09CV494-RJC-DSC

| | |
|---|---|
| JANICE A. MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | MEMORANDUM AND RECOMMENDATION |
| NOVANT HEALTH, INC., and ) | |
| PRESBYTERIAN HOSPITAL- ) | |
| HUNTERSVILLE, LLC ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss Plaintiff's Complaint" (document #4) filed December 22, 2009; and the parties' associated briefs and exhibits (Documents ##5, 8, 9, 12 and 13). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>denied</u>, as discussed below.

**I. <u>PROCEDURAL AND FACTUAL BACKGROUND</u>**

Taking as true the factual allegations of the Amended Complaint,[1] Plaintiff is a citizen and resident of Cabarrus County, North Carolina, who was born March 14, 1956. Defendant Novant Health, Inc. is a North Carolina not-for-profit corporation which operates a number of hospitals, including Defendant Presbyterian-Huntersville, LLC. Plaintiff alleges, and the Defendants do not

---

[1] On February 9, 2010, the Court <u>granted</u> Plaintiff's Motion for leave to amend her Complaint. <u>See</u> "Order" (document #10).

dispute, that they share common ownership and operate under joint financial, management, and human resources control.

Defendants hired Plaintiff on October 12, 2004, as a House Supervisor at Defendant Presbyterian Hospital Huntersville. Plaintiff was responsible for the staffing of six units of the hospital, assignment of nursing staff in the "float" pool, bed placement, and for handling any complaints or problems that arose on her shift. She was required to work evenings and weekends. Plaintiff alleges that she performed the duties of her employment in a satisfactory manner and met all of the reasonable expectations of her employer in her position.

During January 2007, Plaintiff filed a complaint with the United States Department of Labor against Defendants concerning violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. Specifically, Plaintiff alleged that when she requested intermittent leave under the FMLA in order to care for her father, Defendants told her to step down as House Supervisor and work on a part-time basis as a "floater." Plaintiff further alleged that Defendants requested that she simply find coverage for herself on the days she would be absent in lieu of exercising her rights under the FMLA. Plaintiff's Department of Labor complaint was ultimately resolved after Defendants agreed to allow Plaintiff to remain in her full-time position as a House Supervisor.

On February 10, 2009, Plaintiff's elderly mother fell and broke her left hip. Plaintiff's mother was taken by ambulance to Rowan Regional Medical Center, another facility owned and operated by Defendant Novant Health. Plaintiff met the ambulance and her mother at Rowan Regional Medical Center. Plaintiff alleges that when she arrived, she found that her mother was not receiving adequate nursing care. Plaintiff's mother was on a stretcher, still in her street clothes and shoes, and she was wearing a cervical brace. Plaintiff's mother was nauseated from pain and had emesis in her mouth.

Plaintiff believed that her mother's pain had not been adequately treated. Plaintiff's mother spent hours on a stretcher without being placed in traction.

Plaintiff requested that her mother be transferred to Defendant Presbyterian Hospital Huntersville where her mother's treating physicians were located.

Shortly thereafter, Plaintiff requested leave under the FMLA to assist with the rehabilitation and care of her mother following the latter's surgery for a broken hip. Plaintiff estimated and requested that she would need to be on FMLA leave for a period of five weeks.

On February 19, 2009, Plaintiff received a letter from Defendant Novant Health indicating that her FMLA leave had been approved for only four weeks rather than five weeks as Plaintiff had originally requested. On February 26, 2009, Plaintiff telephoned Defendant Novant Health's benefits manager, Maria Hogate, and complained that she had only been approved for four weeks of leave. Plaintiff also complained about an error regarding the number of hours under FMLA which would be counted against her leave entitlement.

On March 13, 2009, before her return to work, Defendant Novant Health informed Plaintiff that she would be suspended without pay pending an investigation regarding her alleged use of profanity during the time her mother was in the emergency room at Rowan Medical Center.

On May 8, 2009, Plaintiff was informed by Inge Garrison, Defendants' Senior Director of Patient Care Services, that her employment would be terminated as a result of misconduct, including the use of profanity and leaving a discriminatory message on the FMLA phone line. In her Amended Complaint, Plaintiff does not expressly admit or deny that she used profanity or engaged in other misconduct, stating only that whatever her behavior was on that occasion, it did not "warrant[] her immediate termination of employment." Plaintiff characterizes those allegations as a pretext for unlawful discrimination and retaliation.

Plaintiff further alleges that two comparators, Tara Heaton and Paige Bann, were employed by the Defendants and used profanity in the presence of patients. The Defendants did not terminate the employment of these individuals, but instead, merely counseled them for their misconduct. These individuals are substantially younger than Plaintiff and have not complained about violations of the FMLA.

Plaintiff also alleges that Joe Brancatto, a male supervisor, was an employee of Defendant Novant Health who changed doctors' orders. Defendants did not terminate the employment of Brancatto, but instead, permitted him to transfer to a different position. Brancatto had not previously complained about violations of the FMLA.

Plaintiff's former position as House Supervisor was assumed by an individual who had not previously complained about any violation of the FMLA. Plaintiff contends that these circumstances support an inference of discrimination.

On July 20, 2009, Plaintiff filed an administrative charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") styled <u>Janice A. Matthews v. Presbyterian Hospital Huntersville, EEOC Charge No. 430-2009-03138</u>, alleging violations of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 <u>et seq.</u>, and Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e <u>et seq</u>. Plaintiff alleges and Defendant does not deny that Defendant Novant Health Care, Inc. was mailed a courtesy copy of Plaintiff's administrative charge of discrimination and otherwise received notice of the charge in its role as manager of Defendant Presbyterian Hospital Huntersville's personnel functions.

On July 28, 2009, the EEOC issued Plaintiff what is commonly called a "right to sue letter."

On October 21, 2009, Plaintiff filed suit in Mecklenburg County Superior Court alleging that Defendants wrongfully discharged her on the basis of her age and gender in violation of Title VII,

4

the ADEA and state public policy, and subjected her to discrimination for exercising her rights under the FMLA and in retaliation for complaining about Defendants' denial of her FMLA rights.

On November 20, 2009, Defendants timely removed the action from Mecklenburg County Superior Court to United States District Court on the basis of federal question subject matter jurisdiction. Removal has not been challenged and appears proper.

On December 22, 2009, Defendants filed the subject Motion to Dismiss, contending that applying the pleading standards enunciated by the United States Supreme Court in Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 129 S. Ct. 1937 (May 18, 2009), Plaintiff's factual allegations fail to state claims under Title VII, the ADEA, and the FMLA. Defendants further contend that Plaintiff's allegations do not support a state public policy claim. Finally, Defendants contend that because Defendant Novant Health, Inc. was not expressly named in Plaintiff's EEOC charge, she failed to exhaust her administrative remedies for her Title VII and ADEA claims, which mandates dismissal for lack of subject matter jurisdiction as to that Defendant.

In her Memorandum in Opposition to Defendants' Motion, Plaintiff reiterates that Defendant Novant Health, Inc. received actual notice of her administrative charge. Plaintiff also asserts, and despite being given the last word on the matter, Defendants do not dispute, that Defendant Novant Health, Inc. issued Plaintiff's paychecks and administered her medical leave of absence and that the forms Plaintiff received during her employment at Defendant Presbyterian Hospital Huntersville bear the logo "Novant Health." See Document #8 at 19.

Defendants' Motion is ripe for disposition.

## II. DISCUSSION OF CLAIM

**A. Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A Title VII/ADEA plaintiff is required to file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory activity and prior to filing an action in federal court. See 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(e)(1), (f); 42 U.S.C.. § 12117(a); Delaware State College v. Ricks, 449 U.S. 250, 255 (1980) (Title VII); Felty v. Graves-Humphreys Co., 785 F.2d 516, 518-19 (4th Cir. 1986) (ADEA); and NAACP Labor Committee of Front Royal v. Laborers' International Union of North America, 902 F.Supp. 688, 699 (W.D.Va. 1993). "Only those discrimination claims stated in the original Charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996).

It is well settled, however, that "[a]n administrative charge of discrimination does not strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." Chisholm v. United States Postal Service, 665 F.2d 482, 491 (4th Cir. 1981) (citing Equal Employment Opportunity Commission v. General Electric Co., 532 F.2d 359 (4th Cir. 1976); Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970)). Moreover, the Fourth Circuit Court of Appeals has recognized in dictum that an unnamed employer in an administrative charge of discrimination may be named as a defendant, along with the named employer, in a subsequent civil action where the unnamed employer has been given adequate notice of the charge. E.E.O.C. v. American National Bank, 652 F.2d 1176, 1186 n.5 (4th Cir. 1981) (the courts "have developed

exceptions to this rule [requiring that all defendants be named in the administrative charge] . . . where it is clear that the defendant through some relationship with the named respondent had notice of the charge and participated in the conciliation process").

It is apparent from the facts Plaintiff has alleged, which must be taken as true at this point in the proceedings, that both Defendants received notice of Plaintiff's administrative charge and a reasonable investigation would have revealed that Plaintiff was complaining of the actions of both Defendants. Accordingly, the Court will respectfully recommend that Defendants' Motion to Dismiss for lack of subject matter jurisdiction over Defendant Novant Health, Inc. be denied.

Additionally, as Plaintiff points out in her supplemental brief, courts have applied an "integrated employer" theory to treat related entities as a single employer in order to satisfy other jurisdictional requirements in employment discrimination cases. See, e.g., Hukill v. Auto Car, Inc., 192 F.3d 437, 442-444 (4th Cir. 1999) (considering whether related entities could be aggregated to find that defendants met FMLA jurisdictional threshold of 50 employees); Meyer v. Qualex, Inc., 388 F. Supp. 2d 630, 635 (E.D.N.C. 2005) (considering whether parent corporation could be liable for subsidiary's potential liability under ADA). The test for which entities constitute an integrated employer for jurisdictional purposes includes consideration of four factors: (1) common management, (2) interrelation between operations, (3) centralized control of labor operations, and (4) degree of common ownership/financial control. Hukill, 192 F.3d at 442. Although no single one of the four factors is conclusive, control of labor operations is "the most critical factor" in determining whether companies constitute an integrated employer. Id.

For purposes of resolving Defendants' Motion to Dismiss for lack of jurisdiction, it is clear that Defendants were an integrated employer. Indeed, it is presently undisputed that Defendants share common ownership, financial control and centralized management, including centralized

human resources management. For this reason as well, the Court will respectfully recommend that Defendants' Motion to Dismiss for lack of subject matter jurisdiction be denied.

### B. Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted

#### 1. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. 129 S. Ct. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1951 (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true), citing Twombly, 550 U.S. at 554-55. Although the pleading requirements stated in "Rule 8 [of the Federal Rules of

Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.

Second, when there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1951. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id., quoting Fed. R. Civ. P. 8(a)(2). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id. at 1951-52.

Applying these principles to the plaintiff's allegation that the defendants had adopted a discriminatory policy permitting "restrictive conditions of confinement" for post-September 11 detainees, the Supreme Court held "the complaint does not show, or even intimate, that petitioners purposefully housed detainees in [restrictive conditions] due to their race, religion or national origin." Iqbal, 129 S. Ct. at 1952. Accordingly, dismissal was appropriate. Id.

**2. Claims for Gender and Age Discrimination**

In the context of a claim of discriminatory discipline, the plaintiff must allege facts showing that (i) she is a member of a protected class; (2) her alleged conduct was comparably serious to misconduct by employees outside the protected class; and (3) the disciplinary measures taken

9

against her were more severe than those taken against other employees. Cook v. CSX Transp.Corp., 988 F.2d 507, 511 (4th Cir. 1993); Moore v. City of Charlotte, 754 F.2d 1100 (4th Cir. 1985), cert. den'd, 472 U.S. 1021 (1985). Applying the heightened pleading standard established under Twombley and Iqbal, where a district court can reasonably infer discrimination from facts alleged, a defendant's motion to dismiss should be denied. Bogan v. The Roomstore, Inc., 2010 WL 370306 (E.D.Va. 2010) (denying employer motion to dismiss where court was able to draw a reasonable inference of liability in Title VII case).

Plaintiff alleges that she is a member of classes protected by Title VII and the ADEA. She is a woman who was over the age of 40 at the time of the challenged employment actions. Further, she alleges that Defendants discharged her due to misconduct, and points to specific instances where three comparators outside the protected groups (1 male, two under-40 females) were treated less severely for allegedly similar conduct. These allegations taken as true are sufficient "factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. In other words, she has pled plausible claims for age and gender discrimination, including wrongful discharge, and the Court will respectfully recommend that Defendants' Motion to Dismiss be denied as to those claims.

### 3. FMLA Claims

The FMLA provides broad protections for eligible employees who require time away from work to care for a parent suffering from a serious medical condition. An eligible employee is defined as one "who has been employed for a total of at least 12 months by the employer on the date on which any FMLA leave is to commence . . ." and "who has been employed for at least 1,250 hours during the previous [twelve] month period . . . ." 29 C.F.R. § 825.800. Similarly, the FMLA defines the term

"serious medical condition" as an illness or injury "that involves inpatient care . . . or continuing treatment by a healthcare provider . . . ." Id.. Furthermore, the FMLA mandates that employees returning from medical leave be reinstated to their former position or to an equivalent one. 29 U.S.C. § 2614(a)(1). The FMLA makes it unlawful for an employer to interfere with this entitlement and a failure on the part of the employer to restore an employee to an equivalent position gives rise to an entitlement claim under 29 U.S.C. § 2615(a)(1). Haley v. Alliance Compressor, LLC, 391 F.3d 644, 649 (5th Cir. 2004).

The FMLA also prohibits an employer "from discriminating against employees . . . who have used FMLA leave." 29 C.F.R. § 825.220(c); Bryant v. Dollar General Corp., 538 F.3d. 394, 400-01 (6th Cir. 2008). Moreover, employers may "not use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions." 29 C.F.R. § 825.220(c); Dotson v. Pfizer, Inc., 558 F.3d 284, 294-95 (4th Cir. 2009). In addition, the statute provides "[i]t shall be unlawful for any employer to discharge or . . . discriminate against any individual for opposing any practice made unlawful by this subchapter" and further provides that individuals are protected from retaliation "if they oppose any practice which they reasonably believe to be a violation of the Act or regulations." 29 U.S.C. § 2615(a)(2); 29 C.F.R. § 825.220(e). A showing that a plaintiff "was discharged soon after engaging in protected activity ... is sufficiently suggestive of retaliatory motive to at least make out a prima facie case of unlawful discrimination." Rhoads v. F.D.I.C., 257 F.3d 373, 392 (4th Cir. 2001) (reversing summary judgment granted as to plaintiff's retaliation claim) 257 F.3d at 394, citing Carter v. Ball, 33 F.3d 450, 460 (4th Cir. 1994).

The Amended Complaint sufficiently states plausible claims for relief under the FMLA. Plaintiff alleges that following the commencement of her FMLA leave she was suspended and then terminated from her employment, thus denying her the benefit of reinstatement, and effectively

interfering with the exercise of her federally-protected rights in violation of 29 U.S.C. § 2615(a)(1). With respect to her retaliation claim, Plaintiff has pled that she (i) engaged in protected oppositional activity under the FMLA when she complained about Defendants' decision to deny her all of the leave she requested, (ii) was subjected to a disciplinary suspension and ultimately was discharged, (iii) all soon after she complained. In short, as with her other federal claims, Plaintiff has pled sufficient "factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged" in Plaintiff's FMLA discrimination and retaliation claims. Iqbal, 129 S.Ct. at 1949. For these reasons, the Court will respectfully recommend that Defendants' Motion to Dismiss be denied as to Plaintiff's FMLA claims.

### 4. Public Policy Claims for Wrongful Discharge

Regarding Plaintiff's state public policy claim, North Carolina courts "look to federal decisions [in employment discrimination cases] for guidance in establishing evidentiary standards and principles of law to be applied in discrimination cases." N.C. Dept. of Correction v. Gibson, 308 N.C. 131, 136, 301 S.E.2d 78, 82 (1983). Accord Henson v. Liggett Group, Inc., 61 F.3d 270, 277 (4th Cir. 1995); Phillips v. J.P. Stevens & Co., Inc., 827 F.Supp. 349, 353 (M.D.N.C. 1993) ( "[t]he public policy of North Carolina expressed in N.C.G.S. § 143-422.1 et seq. is essentially identical to the public policy articulated in Title VII"); and Brewer v. Cabarrus Plastics, Inc., 146 N.C.App. 82, 551 S.E.2d 902, 904 (2001).

For the same reasons that Plaintiff has pled sufficient facts to support her federal claims for wrongful discharge, she has also sufficiently pled her state public policy claim. Accordingly the undersigned will respectfully recommend that Defendants' Motion to Dismiss also be denied as to that claim.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants' Motion to Dismiss Plaintiff's Complaint" (document #4) be **DENIED**.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: April 29, 2010

David S. Cayer
United States Magistrate Judge